No. 99-457

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 70N

IN RE THE MARRIAGE OF

JOSEPH LUNDIN,

Petitioner and Appellant,

and

WANIETTA J. LUNDIN,

Respondent and Respondent.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Chris J. Nelson, Attorney at Law; Billings, Montana

For Respondent:

Patrick C. Sweeney, Patrick C. Sweeney, P.C.; Billings, Montana

Submitted on Briefs: January 13, 2000
Decided: March 16, 2000

Filed:

_____

Clerk

Justice Jim Regnier delivered the opinion of the Court.

¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2.After more than 23 years of marriage, Joseph Lundin (Joe) and Wanietta J. Lundin (Babs) each filed separate petitions for dissolution in the Thirteenth Judicial District Court, Yellowstone County. The District Court subsequently consolidated the separate petitions into a single action. Following a nonjury trial on the merits, the District Court entered its Findings of Fact, Conclusions of Law, and Memorandum. Joe appeals from the property distribution and award of maintenance to Babs contained in the District Court's Findings of Fact, Conclusions of Law, and Memorandum. We affirm.

¶3.Joe raises the following issues:

¶4. Whether the District Court erred in distributing the marital estate?

¶5. Whether the District Court erred in awarding maintenance to Babs?

BACKGROUND

¶6.The parties were married on July 3, 1974, and separated in 1998. There were no children born of this marriage. In April 1998 Joe and Babs each filed separate petitions for dissolution in the Thirteenth Judicial District Court, Yellowstone County. The District Court subsequently consolidated the separate petitions into a single action. At the time the petitions were filed, Joe was 72 years old and Babs was 64 years old.

¶7.Contemporaneously with the filing of her petition, Babs moved the District Court for temporary maintenance in the amount of $500 per month. At the hearing concerning Babs'

request for temporary maintenance, both Joe and Babs testified and exhibits were introduced regarding their respective living expenses and incomes. Following the hearing, the District Court entered findings of fact, conclusions of law and an order, requiring Joe to pay Babs temporary maintenance in the amount of $325 per month throughout the pendency of the dissolution proceedings until entry of the decree of dissolution. The District Court based its decision on the fact that Babs lacked sufficient property to provide for her reasonable needs and was unable to support herself through appropriate employment. In addition, the District Court determined that Joe had income in excess of his monthly expenses, which would allow him to meet his needs and those of Babs.

¶8.On November 20, 1998, the District Court conducted a nonjury trial on the matter. Both Joe and Babs testified as well as presented evidence at the trial. Based on the testimony and evidence presented, the District Court determined that the marital estate consisted of the following assets:

Residence $87,000.00

1984 Mercury Marquis 975.00

1984 Motor Home 12,500.00

1985 Bayliner Boat, Trailer, & Motor 2,125.00

1989 Yamaha Four Wheeler 2,800.00

Two-Wheel Trailer 500.00

IRA 2,500.00

Bab's Personal Property 7,460.00

Joe's Personal Property 3,118.25

Property Subject to Court Order 1,758.95

In addition, the District Court determined Joe to be solely responsible for credit card debt in the amount of $4,841, most of which had been incurred by Joe after the parties separated.

¶9.In making its distribution, the District Court awarded Babs the residence, the 1984 Mercury Marquis, and her personal property. Joe was awarded the 1984 motor home, 1985 Bayliner boat, trailer, and motor, the two-wheel trailer, the IRA, his personal property, and the property subject to court order.

¶10.Even after considering the disproportionate division of property, the District Court determined Babs to be in need of maintenance pursuant to § 40-4-203, MCA. The District Court found that Babs lacked sufficient property to provide for her reasonable needs and that she was unable to support herself through appropriate employment. As a result, the District Court awarded Babs maintenance in the amount of $201.66 per month, which was the amount of Joe's retirement benefits from two pension plans. The District Court obligated Joe to pay maintenance to Babs until she sells the home, remarries, or dies.

¶11.Following entry of the District Court's Findings of Fact, Conclusions of Law, and Memorandum, Joe moved the court for a new trial pursuant to Rule 59, M.R.Civ.P. Joe alleged that the District Court's finding of fact No. 14, regarding his ability to obtain financing to purchase a mobile home, is not supported by the evidence and that the District Court failed to consider § 40-4-203(2)(f), MCA, in awarding maintenance to Babs. Babs asserted that Joe's motion was simply a reiteration of his arguments made during trial and as such his motion should be denied for failing to meet Rule 59, M.R.Civ.P. Without a ruling from the District Court upon the expiration of 60 days from the date of filing, Joe's motion was deemed denied. Joe appeals from the District Court's Findings of Fact, Conclusions of Law, and Memorandum.

## STANDARD OF REVIEW

¶12.We review the division of marital property by a district court to determine whether the findings upon which the district court relied are clearly erroneous. *See In re Marriage of Engen*, 1998 MT 153, ¶ 26, 289 Mont. 299, ¶ 26, 961 P.2d 738, ¶ 26 (citations omitted). We also review maintenance awards to determine whether the district court's findings are clearly erroneous. *See In re Marriage of Smith* (1995), 270 Mont. 263, 269, 891 P.2d 522, 526 (citations omitted). "A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake." *In re Marriage of Moss*, 1999 MT 62, ¶ 14, 293 Mont. 500, ¶ 14, 977 P.2d 322, ¶ 14 (citations omitted).

¶13."If the findings are not clearly erroneous, we will affirm the distribution of property unless the district court abused its discretion." *Engen*, ¶ 26 (citations omitted). In a dissolution proceeding, the test for abuse of discretion is whether the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *See In re Marriage of Meeks* (1996), 276 Mont. 237, 242, 915 P.2d 831, 834.

## ISSUE 1

¶14.Whether the District Court erred in distributing the marital estate?

¶15.Joe contends that the District Court's finding of fact No. 14 regarding his ability to obtain financing for the purchase of a mobile home is not supported by the evidence. At trial, Joe testified that if he was awarded the marital residence he would have been able to obtain financing to buy out Babs' one-half interest in the amount of $45,000. In addition, Joe testified that he could purchase a mobile home in Billings for between $12,000 and $16,000 with a lot rent of $248 per month. Joe argues that the distribution of marital property is manifestly unjust in that it left him homeless and Babs secure.

¶16.Babs asserts that the District Court's property distribution was probably the only distribution that gave both parties a chance to move forward with their lives without the need for public assistance. Babs points out that the law does not require an equal distribution of marital property.

¶17.In rendering its decision, the District Court noted that the only marital asset of substantial value was the residence. The District Court went on to state that it would have found it equitable to have the marital residence sold and the proceeds split between the parties with Joe to pay slightly higher maintenance. However, as Joe pointed out, his social security benefits are exempt from execution to satisfy a maintenance award, leaving only his other retirement benefits of $201.66 per month to satisfy the maintenance award. As a result, the District Court found that selling the house, splitting the proceeds, and awarding $201.66 in maintenance to Babs would not provide for Babs' needs. Thus, the District Court found it equitable to award the marital home to Babs to allow her to supplement her income through a reverse mortgage and the award of maintenance.

¶18.The guidelines for the equitable apportionment of a marital estate, set forth in

§ 40-4-202, MCA, require a district court to:

[C]onsider the duration of the marriage and prior marriage of either party; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit.

This statute vests the district court with broad discretion to apportion the marital estate in a manner which is equitable to each party under the circumstances. *See In re Marriage of Maedje* (1994), 263 Mont. 262, 265, 868 P.2d 580, 582-83 (citations omitted). An equitable distribution does not require a 50/50 apportionment of the marital assets. *See In re Marriage of McNellis* (1994), 267 Mont. 492, 501, 885 P.2d 412, 418 (citations omitted). Thus, equity, not equality, guides a court's discretion in dividing a marital estate. *See In re Marriage of Garner* (1989), 239 Mont. 485, 488, 781 P.2d 1125, 1127.

¶19. The record reflects that in equitably distributing the marital estate, the District Court considered having the marital home sold and the proceeds split 50/50 between the parties with an award of maintenance to Babs. However, the District Court correctly determined that Joe's social security benefits were exempt from execution for an award of maintenance, which only left retirement benefits in the amount of $201.66 per month to satisfy an enforceable award of maintenance. Consequently, the District Court concluded that selling the house and awarding only $201.66 in maintenance would not provide for Babs' needs. Therefore, the District Court awarded the marital residence to Babs to allow her to obtain a reverse mortgage to supplement her income.

¶20. In addition, the record reflects that the District Court considered Joe's level of income and expenses in comparison to Babs' level of income and expenses in rendering its distribution. Moreover, Joe testified that he could have obtained financing to purchase Babs' interest in the marital home by mortgaging the home. Joe also testified regarding the cost of a mobile home and the corresponding lot rent in the Billings area. The District Court properly reasoned that if a financial institution was willing to loan Joe money pursuant to a mortgage on the home, it would be willing to finance his purchase of a mobile home.

¶21.Substantial credible evidence supports the District Court's findings. Accordingly, we conclude that the District Court did not err in awarding the marital home to Babs when it equitably apportioned the marital estate.

ISSUE 2

¶22.Whether the District Court erred in awarding maintenance to Babs?

¶23.Joe contends that the District Court failed to considered § 40-4-203(2)(f), MCA (Joe's ability to meet his needs while meeting those of Babs), when it awarded maintenance to Babs. Joe argues that there is no discussion in the District Court's findings of whether he would be able to meet his needs each month after payment of the maintenance. Babs asserts that the District Court made extensive findings regarding the ability of the parties to provide for their own needs. Babs points out that both parties submitted statements of anticipated expenses and testified regarding their respective incomes at the hearing for temporary maintenance and at trial.

¶24.Approximately one month prior to trial, the District Court conducted a hearing on Babs' motion for temporary maintenance. Both Joe and Babs testified and exhibits were introduced regarding their respective living expenses and incomes at the hearing. After the hearing, the District Court entered findings of fact, conclusions of law and an order granting Babs temporary maintenance in the amount of $325 per month.

¶25.In reaching its decision, the District Court found that Babs had average monthly living expenses in the amount of $1,098 and social security income of only $450 per month. The District Court also found that Joe's monthly income was $1,420.66, the source of which was $1,219 from social security benefits and $201.66 from two retirement plans through his former employers. In addition, the District Court determined from Joe's testimony that his average monthly living expenses were $1,013.95.

¶26.A district court's award of maintenance is governed by § 40-4-203, MCA, and is dependent upon a finding that the person seeking maintenance lacks sufficient property to provide for his or her reasonable needs and is unable to support him- or herself through appropriate employment. *See In re Marriage of Zander* (1993), 262 Mont. 215, 223-24, 864 P.2d 1225, 1231 (citation omitted). Once the District Court finds that the person seeking maintenance lacks sufficient property and is unable to support him- or herself through appropriate employment, the district court must consider the factors enumerated

in § 40-4-203(2), MCA, to establish the amount and duration of the maintenance. *See* § 40-4-203, MCA.

¶27.Here, even after considering the disproportionate distribution of marital property, the District Court determined that Babs lacked sufficient property to provide for her reasonable needs and that she was unable to support herself through appropriate employment. In addition, the District Court determined that after the award of maintenance to Babs in the amount of $201.66, Joe still had income in excess of his expenses. Moreover, the record reveals that the District Court considered Babs' financial resources, including the marital property awarded to her, and her ability to independently meet her needs; the standard of living established during the marriage; the duration of the marriage; Babs' physical and emotional condition; and Joe's ability to meet his needs while meeting those of Babs. Substantial evidence supports the District Court's findings and thus, we conclude that the District Court did not err when it awarded maintenance to Babs.

¶28.Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART