No. 99-290

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 80N

CEN-DAK LEASING, INC.,

Plaintiff and Appellant,

v.

GEORGE MORRIS and

LARRY LITTRELL,

Defendants and Respondents.

APPEAL FROM: District Court of the Judicial District,

In and for the County of Yellowstone,

The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

**For Appellant:**

W. Scott Green, West, Patten, Bekkedahl & Green, Billings, Montana

**For Respondent:**

George T. Radovich, Billings, Montana (Morris); Mark T. Errebo, Kurth & Errebo, Billings Montana (Littrell)

Submitted on Briefs: September 30, 1999

Decided: March 23, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1.Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2.Appellant Cen-Dak Leasing, Inc., (Cen-Dak) appeals from the Order of the Thirteenth Judicial District Court, Yellowstone County, entering judgment in favor of Respondents George Morris (Morris) and Larry Littrell (Littrell) on their joint motions for a directed verdict on all counts of Cen-Dak's complaint. We reverse and remand.

¶3.We restate the issue on appeal as whether the District Court provided sufficient findings of fact and conclusions of law to support its decision.

¶4.On September 10, 1996, an employee of Cen-Dak notified law enforcement when he discovered that forty-eight (48) semi-truck tires were missing from the premises. On September 12, 1996, Littrell phoned Craig Scheckla, (Scheckla) owner of a trucking company in Sheridan, Wyoming. Littrell indicated that Morris had some truck tires for sale for $150.00 each which "might be hot." Morris then contacted Scheckla agreeing to sell him 24 tires at the stated price. Scheckla requested that Morris deliver the tires to Scheckla's place of business in Sheridan. On his way to deliver the tires, Morris stopped at Littrell's to obtain directions and Littrell drew him a map to Scheckla's business.

¶5.After speaking to Morris, Scheckla contacted Cen-Dak advising it that Morris was going to be delivering the tires to him that afternoon. Cen-Dak's employees contacted law

enforcement and notified them of the upcoming tire exchange. Law enforcement saw Morris deliver the 24 tires to Scheckla and arrested Morris after observing Scheckla pay him for the tires. Upon questioning by law enforcement, Littrell denied involvement in the tire sale. However, he later admitted lying to officers about his knowledge of the tire deal and pleaded guilty to obstruction of justice.

¶6.After Morris's arrest, Cen-Dak's president and owner, Will Bernhagen, (Bernhagen) identified the tires by their brand, model, and manufacturing date as those which had been stolen from Cen-Dak, and as matching 202 tires remaining in Cen-Dak's possession. At trial, Bernhagen testified that Cen-Dak had incurred damages in the amount of $8,400 for the 24 unrecovered tires, $20 for locks which were cut during the theft, $200 for transportation to and from Sheridan, $2,000 in lost wages for himself, and $200 in lost wages for other Cen-Dak employees. The parties stipulated that Morris would pay as restitution to Cen-Dak the cost of transporting the 24 recovered tires from Sheridan to Billings.

¶7.Did the District Court provide sufficient findings of fact and conclusions of law to support its decision?

¶8.Cen-Dak claims the elements of civil conspiracy were met in this case, and therefore, the District Court erred in failing to find that there was a conspiracy between Morris and Littrell. In its Order entering judgment in favor of Morris and Littrell, the District Court found that Cen-Dak failed to prove by a preponderance of the evidence that Morris or Littrell had anything to do with the theft of the 48 tires, and failed to prove the involvement of either Morris or Littrell beyond the attempted sale of the 24 tires that Cen-Dak recovered. The District Court did not address Cen-Dak's contention that Morris and Littrell were involved in a conspiracy to convert its property.

¶9.Littrell argues that the court did not err in not finding a civil conspiracy because it found as a fact that neither Morris or Littrell had any involvement with the theft of the other 24 tires. Likewise, Morris claims that any allegation by Cen-Dak of a civil conspiracy is misplaced because there was no evidence that either Morris or Littrell was involved in the tire theft.

¶10.In connection with its conspiracy action, Cen-Dak claims the District Court should have assessed liability for all 48 stolen tires to Morris. It argues that the court failed to recognize the fact that Morris was in possession of the 24 stolen tires as circumstantial

evidence that Morris stole all 48 tires from Cen-Dak. Morris pleaded guilty to possession of the stolen tires but claimed he had purchased the tires from Gypsies three or four weeks before the theft from Cen-Dak had occurred. Cen-Dak claims Morris' testimony is not credible and is impossible because the tires were identified as those stolen from Cen-Dak only a week earlier. Cen-Dak insists, rather, that even if the court did not find that Morris had stolen the 48 tires, there was a conspiracy between Morris, the person who did steal them, and Littrell, to sell the stolen property. Morris contends that the court could not properly find him liable for the theft of the 48 tires because at trial, there was no evidence that he ever possessed more than the 24 tires, which he claims he purchased and paid for.

¶11.Cen-Dak also claims the District Court erred in failing to award it compensatory and punitive damages. Cen-Dak argues that Bernhagen's testimony at trial regarding incidental damages incurred by Cen-Dak as a result of the theft of the tires was uncontroverted by Morris or Littrell and under § 27-1-320, MCA, Cen-Dak is entitled to compensation for the time and money it expended in recovering the 24 tires. The District Court determined that Bernhagen's testimony as to the amount of Cen-Dak's damages was merely an estimate and was therefore not awardable. Cen-Dak argues that the damages testified to by Bernhagen were not speculative in nature and should have been allowed by the District Court. Cen-Dak further claims it was entitled to an award of punitive damages under § 27-1-221, MCA, to punish Morris and Littrell because they were guilty of actual malice; knowledge of facts which they intentionally disregarded, causing a loss to Cen-Dak. In its Order, the District Court did not address the issue of punitive damages; Cen-Dak claims the District Court erred in not addressing this issue and therefore this matter should be remanded.

¶12.We conclude that the District Court erred in failing to specifically address Cen-Dak's claim of civil conspiracy and the issue of punitive damages. Furthermore, it erred by not providing sufficient findings of fact and conclusions of law in support of its decision. We reverse and remand to the District Court for the development of findings of fact and conclusions of law specifically addressing Cen-Dak's claim of civil conspiracy, and the applicability of compensatory and punitive damages.

¶13.Reversed and remanded.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART