No. 02-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 232N

CEN-DAK LEASING, INC.,

        Plaintiff and Appellant,

   v.

GEORGE MORRIS and LARRY LITTRELL,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                   In and for the County of Yellowstone, Cause No. DV 98-0614,
                   Honorable Gregory R. Todd, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

                W. Scott Green, West, Patten, Bekkedahl & Green, P.L.L.C.,
                Billings, Montana

        For Respondent:

                George T. Radovich, Attorney at Law, Billings, Montana (Morris)

                Mark T. Errebo, Attorney at Law, Billings, Montana (Littrell)

                      Submitted on Briefs:   October 10, 2002

                                Decided:   September 4, 2003

Filed:

               _____
                            Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Cen-Dak Leasing, Inc. (Cen-Dak), appeals from the order issued by the Thirteenth Judicial District, Yellowstone County, following a bench trial, which entered judgment in favor of Defendants and Respondents George Morris (Morris) and Larry Littrell (Littrell) on Cen-Dak's complaint alleging civil conspiracy. We affirm.

¶3 We restate the issue on appeal as whether the District Court erred in determining that a claim of civil conspiracy was not proven against the Respondents.

¶4 Cen-Dak originally brought suit for conversion and civil conspiracy, and sought punitive damages, for Morris and Littrell's alleged involvement in the theft of 48 semi-truck tires from Cen-Dak and the subsequent sale of 24 of the tires. The background facts of this matter are fully set forth in our earlier decision herein, *Cen-Dak Leasing, Inc., v. Morris and Littrell*, 2000 MT 80N, 299 Mont. 547, 4 P.3d 1220. After presentation of the case to a jury, the District Court directed a verdict in favor of Respondents, determining that Cen-Dak had "failed to prove by a preponderance of the evidence that Morris or Littrell had anything to do with the theft of the 48 tires . . . ." *Cen-Dak*, ¶ 8. On appeal, we noted that the District Court's order had failed to address Cen-Dak's civil conspiracy claim, and reversed and

2

remanded "for the development of findings of fact and conclusions of law specifically addressing Cen-Dak's claim of civil conspiracy, and the applicability of compensatory and punitive damages." *Cen-Dak*, ¶ 12.

¶5   On remand, the presiding district court judge was substituted, and the matter was assigned to Honorable Maurice Colberg, who retired shortly thereafter, before the matter was completed. The case was then reassigned to Honorable Gregory R. Todd, who, deeming it inappropriate to make findings of fact and conclusions of law without hearing the witnesses testify, conducted a bench trial on the remand issues. He then entered an order in favor of Morris and Littrell.

¶6   The District Court found that Morris's explanation of how he had obtained the tires was not credible, and concluded that Morris had committed an unlawful act. However, the court found that Littrell was not a party to the sale of the stolen tires, had gained nothing in the transaction, and had acted only to put Morris in contact with the buyer, Craig Scheckla. The court concluded that any acts by Littrell in furtherance of the sale of the tires were done without knowledge that the tires had been illegally obtained, and that because a "meeting of the minds" had not been proven between Morris and Littrell regarding the scheme, civil conspiracy had not been established.

¶7   The elements of a civil conspiracy are (1) two or more persons, and for this purpose, a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. *Schumacker v. Meridian Oil Co.*, 1998 MT 79, ¶ 18, 288 Mont.

3

217, ¶ 18, 956 P.2d 1370, ¶ 18. "Moreover, it is not the conspiracy itself that gives rise to the cause of action; it is the torts committed or the wrong done in furtherance of a civil conspiracy that do so." *Schumacker*, ¶ 18 (citing *Duffy v. Butte Teachers' Union* (1975), 168 Mont. 246, 251, 541 P.2d 1199, 1202).

¶8      Cen-Dak challenges the findings entered by the District Court with regard to Littrell's actions, and its conclusion that a meeting of the minds between Littrell and Morris was not proven. Citing our three-part test to determine whether findings of fact are clearly erroneous, *see Interstate Production Credit Ass'n v. DeSaye* (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287, Cen-Dak argues that the District Court's findings are contrary to the evidence, and therefore, not supported by substantial evidence. It notes the testimony that Littrell was contacted by Morris about buying the tires, had declined to purchase them himself, but had telephoned Scheckla on Morris's behalf and indicated the tires "might be hot," drew a map for Morris to find Scheckla's place of business, and then lied to police about his involvement in the matter, for which he later was charged, and pled guilty to, obstruction of justice. From this evidence, Cen-Dak asserts that Littrell was "intimately involved in this stolen tire transaction," was the "fence" who "put the deal together," and that it is "undisputable there was a meeting of the minds between" Littrell and Morris.

¶9      It is the function of the district court, not the appellate court, to resolve conflicts in the evidence. *Pankratz v. Teske*, 2002 MT 112, ¶ 12, 309 Mont. 499, ¶ 12, 48 P.3d 30, ¶ 12. Further, it is not our duty to determine "whether record evidence would support a different finding," but, rather, that the district court's findings are supported by substantial evidence.

4

*Gaudreau v. Clinton Irrigation District*, 2001 MT 164, ¶ 23, 306 Mont. 121, ¶ 23, 30 P.3d 1070, ¶ 23.

¶10     Littrell testified forthrightly about lying to the police, but also gave clear testimony about his lack of involvement with the tires.  Under direct examination, he stated:

> Q.  Did you tell a lie because you were in a conspiracy with George Morris to sell the tires?
>
> A.  No.
>
> . . . .
>
> Q.  Why did you, in summary, lie to the police?
>
> A.  Well, just trying to help George out.
>
> Q.  Did you ever receive any money for those tires?
>
> A.  No.
>
> Q.  Did you ever have any arrangement to receive money for those tires?
>
> A.  No.
>
> Q.  Did you ever have a conversation at all with Mr. Morris about receiving money for those tires?
>
> A.  No.

Under examination from Morris's counsel, Littrell gave the following testimony:

> Q.  Mr. Littrell, during the course of all these events we've been talking about, have you tried intentionally to assist in the selling of stolen tires to Mr. Scheckla?
>
> A.  No.

Q. Did you ever know these tires were stolen prior to the police telling you that?

A. No.

Q. When you got a hold of Craig Scheckla, was your motive to sell him hot tires?

A. No.

Q. When you drew a map when George Morris stopped at your house–or your place in Ranchester, you drew a map for George Morris. Was that because you wanted to help him sell stolen tires?

A. No.

Q. Did you know at that time that the tires were stolen?

A. No.

Q. Did you know he had the tires with him?

A. I didn't ask if he did and–

Q. Did you ask him why he was going to Craig Scheckla's place?

A. No.

Q. Did you care?

A. No.

Q. Didn't have anything to do with you?

A. No.

¶11    Littrell's testimony was supported by other trial evidence. When Craig Schekla, who purchased the tires from Morris, was asked whether he believed, when Littrell telephoned

6

him, that Littrell "was trying to get you to buy stolen tires," Schekla said no, that Littrell was simply passing along information about the tires.

¶12 We conclude that the District Court's findings were supported by substantial evidence. There is ample evidence in the record from which to find that Littrell was not a party to the sale of the stolen tires, and to conclude therefrom that a meeting of the minds between Littrell and Morris regarding the scheme had not been established. Thus, an element of Cen-Dak's claim of civil conspiracy was not proven. Although the District Court concluded that Morris had acted illegally, Morris's conduct alone could not constitute civil conspiracy, and the District Court properly entered judgment in favor of the Respondents on the claim.

¶13 Littrell's request for an award of damages on appeal pursuant to Rule 32, M.R.App.P., is denied.

¶14 Affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART