# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51285

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 30, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ANNIE CHALIEENE RAYNE BURKE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Mark Monson, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Waldron Legal, PLLC; Maya P. Waldron, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Annie Chalieene Rayne Burke appeals from her judgment of conviction for possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

At 2:20 a.m., Officer Lines and Acting Corporal Morbeck observed a vehicle in a gas station parking lot that had not been there during their previous recent patrols. The officers observed a man distancing himself from the vehicle as soon as he observed the officers' patrol car. The man then entered the gas station through its side entrance. After discovering that the vehicle's registration was expired, the officers parked their patrol car near the vehicle. Officer Lines approached the driver's side and Corporal Morbeck approached the passenger's side of the vehicle. Two people were in the vehicle; Burke was in the driver's seat. Officer Lines asked Burke for identification, which she provided. In the back seat of the vehicle, the officers observed an open

1

container of alcohol, and Officer Morbeck observed a crumpled piece of tinfoil with wave marks. In the front seat of the vehicle, Officer Morbeck observed a "tooter"--a hollowed-out pen used to ingest drugs.

At this point, the man came out of the gas station and walked in front of the vehicle. He told the officers that he was not associated with the people in the vehicle, and he began to walk off. Officer Lines asked Burke if the man was associated with the vehicle and Burke indicated that he was. Officer Lines told the man to stop but the man went back into the gas station. Officer Lines, while still in possession of Burke's driver's license, and Officer Morbeck pursued the man. Both officers returned to the vehicle with the man after which Officer Morbeck observed that there was burnt residue on the tinfoil in the back seat. The officers then performed a search of the vehicle, which yielded drug paraphernalia. Burke was arrested. While being booked into jail, Burke removed a rubber container from her pants that contained methamphetamine.

Burke was charged with possession of a controlled substance, introduction of major contraband into a correctional facility, and possession of drug paraphernalia. Burke filed a motion to suppress the evidence from the search of the vehicle and the rubber container. The district court denied the motion. Burke entered a conditional plea of guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c)(1), reserving her right to appeal the denial of her motion to suppress. Burke appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Burke argues that the district court erred in denying her motion to suppress because the officer unreasonably prolonged the detention by deviating from the original purpose of the detention to apprehend the man while the officer still possessed Burke's driver's license. The State argues the officers developed reasonable suspicion that Burke was involved in another crime (possession of a controlled substance) in addition to the reasonable suspicion of the unlawful activity that initiated the detention (driving with an expired registration).[1] The district court found that the extension of the investigative detention was lawful because the officers had reasonable suspicion to extend the scope based on observing potential drug paraphernalia. Further, the district court found that it was reasonable for the officers to pursue the man, thereby prolonging the investigative detention, because of his potential association with the vehicle and the illicit substances therein.

The Fourth Amendment to the United States Constitution provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." As the text indicates, the touchstone of the Fourth Amendment is reasonableness. The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable. *State v. Rios*, 160 Idaho 262, 264, 371 P.3d 316, 318 (2016).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709

---

[1] In the district court, Burke's motion to suppress argument included the issue of whether the initial encounter and detention was lawful. Burke does not pursue this argument in this Court and therefore we need not address that issue.

(Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

In the context of traffic stops, authority for the seizure ends when the tasks related to the infraction are, or reasonably should have been, completed. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Such tasks include ordinary inquiries incident to the traffic stop such as checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the vehicle's registration and proof of insurance. *Rodriguez v. United States*, 575 U.S. 348, 355 (2015). An officer inquiring into matters unrelated to the justification for the traffic stop do not convert the encounter into an unlawful seizure so long as the inquiries do not measurably extend the duration of the stop. *Arizona v. Johnson*, 555 U.S. 323, 333 (2009).

However, should the officer abandon the process of the stop, the officer no longer has the original reasonable suspicion supporting his or her actions. *State v. Linze*, 161 Idaho 605, 609, 389 P.3d 150, 154 (2016). Rather, a traffic stop may be extended if officers develop reasonable suspicion of some unrelated criminal offense during the course of effectuating the stop's mission. *State v. Hale*, 168 Idaho 863, 868, 489 P.3d 450, 455 (2021). Therefore, the officer has initiated a new seizure which requires its own reasonable suspicion or probable cause to justify the seizure's new purpose. *Linze*, 161 Idaho at 609, 389 P.3d at 154. Justifications for detentions are not fixed at the moment of a traffic stop. *State v. Wigginton*, 142 Idaho 180, 183, 125 P.3d 536, 539 (Ct. App. 2005).

The question is whether the officers unreasonably extended the traffic stop at the moment Officer Lines walked away from the vehicle with Burke's driver's license to follow the man, thereby abandoning the original purpose for the stop (driving with an expired registration). For the extension to be reasonable, at the moment Officer Lines walked away from the vehicle to apprehend the man while still in possession of Burke's driver's license, there must have been a new basis of reasonable suspicion of unlawful criminal activity.

Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *See State v. Sheldon*, 139 Idaho 980, 983-84, 88

4

P.3d 1220, 1223-24 (Ct. App. 2003). The quantity and quality of information necessary to establish reasonable suspicion is less than that necessary to establish probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990). Still, reasonable suspicion requires more than a mere hunch or inchoate and unparticularized suspicion. *Id*. at 329

During their interaction with Burke, the officers were able to see inside the vehicle and observed an open container of alcohol; one of the officers saw used tinfoil with wave marks, and a hollowed-out pen used to ingest drugs. The observation of those items in the vehicle was a specific and articulable fact that someone in the vehicle possessed drug paraphernalia, which justified seizing the occupants of the vehicle as part of an investigative detention. Further, when the officers arrived at the gas station, they observed the man near the vehicle, learned from Burke that the man could have been lying about his association with the vehicle, and the officers testified that the man appeared very nervous and standoffish. Therefore, it was not unreasonable for Officer Lines to believe that the man was involved in the potential criminal activity that Officer Lines had reasonable suspicion to believe was occurring inside the vehicle. The officers could lawfully apprehend the man during the course of investigating Burke's possible drug paraphernalia possession--both for officer safety reasons and due to the reasonable suspicion that the man was also connected to the vehicle and its illegal contents. Based on all of these articulable facts, along with the potential illegal contents of the vehicle, it was reasonable for Officer Lines to pursue the man and extend the investigative detention for the purpose of investigating a different crime from the one that constituted the basis for the original detention.

## IV.

## CONCLUSION

Burke has failed to show the district court erred in denying her motion to suppress. Therefore, Burke's judgment of conviction for possession of a controlled substance is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.