# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48456

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 7, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CARA RACHELLE RULE, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Carl B. Kerrick, Hon. Cynthia K.C. Meyer; District Judges.

Judgment of conviction for possession of a controlled substance, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Cara Rachelle Rule appeals from her judgment of conviction for possession of a controlled substance, Idaho Code § 37-2732(c)(1). Rule argues the district court erred in denying her motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Rule with possession of a controlled substance, possession of drug paraphernalia, and driving under the influence (DUI) following a traffic stop during which a drug dog alerted on Rule's vehicle; officers discovered methamphetamine and drug paraphernalia in the vehicle; and Rule failed a sobriety test. Rule filed a motion to suppress, arguing Officer Schatz unlawfully extended the traffic stop to allow Officer Bangs to conduct the dog sniff of the vehicle. Officers Schatz and Bangs testified at the suppression hearing, after which the district court issued a written decision finding the following facts, which neither party challenges on appeal:

1

On June 15, 2019, Officer Schatz stopped a vehicle after he observed the vehicle, located in the left turn lane of an I-90 off-ramp, turning left with the right turn signal engaged. Officer Schatz also observed the vehicle turning into a lane to reenter I-90 then changing out of that lane to continue onto Ramsey, a street perpendicular to I-90. Officer Schatz stopped the vehicle on Ramsey Road and identified the driver as [Rule]. During the stop, [Rule] was unable to locate proof of insurance for the vehicle because the vehicle belonged to her boyfriend. While speaking with [Rule], Officer Schatz noticed that [Rule's] cheeks appeared sunken compared to her driver's license picture and she had visible sores on her back and shoulders. Officer Schatz observed [Rule] at times clenching or grinding her teeth. She also exhibited a facial tremor with her lips constantly moving her mouth. After receiving [Rule's] driver's license and registration Office Schatz returned to his patrol vehicle to issue [Rule] a citation for failing to provide proof of insurance. While walking back to his vehicle, Officer Schatz radioed to dispatch requesting Officer Bangs to come to his location for a K9 sniff. In his patrol vehicle, Officer Schatz ran [Rule's] information and filled out the traffic citation.

Upon reinitiating contact with [Rule], Officer Schatz asked [Rule] to step out of her vehicle so he could explain the citation to her. He also asked [Rule] to step out of the vehicle for his safety and [her] safety while the K9 performed a vehicle sniff. Simultaneously, Officer Bangs had K9 Halo perform an exterior sniff of [Rule's] vehicle for the presence of drugs. K9 Halo alerted on [Rule's] vehicle. After the alert, Officer Schatz searched the vehicle. Officer Schatz found . . . a used pipe, a hypodermic needle, a straw, and methamphetamine in a purse located on the passenger side of the vehicle.

Following the search, Officer Schatz had [Rule] perform a standard field sobriety test. Based on [Rule's] performance, Officer Schatz determined [Rule] was under the influence of an intoxicating substance and arrested her.

(Internal citations omitted.) Further, the district court made specific factual findings, which the parties also do not dispute, regarding the timeline of the traffic stop based on the radio log between Officer Schatz and dispatch, the video from his dash camera, and the time stamp printed on the traffic citation. Based on these factual findings, the court ruled Officer Schatz did not unlawfully extend the traffic stop for the dog sniff and had reasonable suspicion of a DUI. As a result, it denied Rule's suppression motion.

Following this denial, Rule pled guilty to possession of drug paraphernalia and to possession of a controlled substance and reserved the right to appeal. Rule timely appeals the denial the suppression motion.[1]

---

[1] In Rule's opening appellate brief, she states she is appealing "from the district court's judgment of conviction for two drug-related offenses," which suggests she is appealing both her judgments for felony possession of a controlled substance and for misdemeanor possession of drug paraphernalia. However, Rule's notice of appeal, which she filed on November 11, 2020, states

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Rule is "[m]indful that substantial and competent evidence supports the district court's findings" but she contends "Officer Schatz unlawfully extended the traffic stop for the dog sniff." A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the

---

she is only appealing the judgment for the felony conviction, which the court entered forty-two days earlier on September 30. As the State notes, Rule's appeal was not timely to challenge the judgment for the misdemeanor conviction, which was entered on September 29--forty-three days before her notice. Idaho Appellate Rule 14 (providing notice must be filed within forty-two days of judgment). Because Rule's notice relates only to the judgment for felony possession of a controlled substance, her appeal is timely.

officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

In the context of traffic stops, authority for the seizure ends when the tasks related to the infraction are, or reasonably should have been, completed. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005). Such tasks include ordinary inquiries incidental to the traffic stop such as checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. *Rodriguez v. United States*, 575 U.S. 348, 355 (2015); *see also Arizona v. Johnson*, 555 U.S. 323, 328 (2009). An officer may also require the occupants to exit the vehicle during a traffic stop. *Maryland v. Wilson*, 519 U.S. 408, 412 (1997). Although a dog sniff cannot fairly be characterized as part of the officer's traffic mission, a dog sniff conducted during a lawful traffic stop is constitutionally permissible if it is executed in a reasonable manner and does not infringe on a constitutionally protected privacy interest. *Caballes*, 543 U.S. at 409-10. In other words, a dog sniff conducted without independent reasonable suspicion during an otherwise lawful traffic stop is permissible as long as the sniff does not prolong the stop. *Rodriguez*, 575 U.S. at 356-58; *State v. Linze*, 161 Idaho 605, 608-09, 389 P.3d 150, 153-54 (2016).

In this case, Rule does not challenge that Officer Schatz had reasonable suspicion to stop her for a traffic violation after she turned left with the right turn signal engaged. Although Rule asserts Officer Schatz unlawfully extended the length of the traffic stop to allow for the dog sniff, she does not challenge any of the district court's factual findings. Rather, she concedes substantial and competent evidence supports those findings. Based on those findings, Officer Schatz diligently pursued the original purpose of the traffic stop to issue a traffic citation and was still pursuing that purpose when the dog alerted on Rule's vehicle. Accordingly, Officer Schatz did not unlawfully extend the traffic stop to allow the dog sniff.

### IV.

### CONCLUSION

The district court did not err by denying Rule's suppression motion. Accordingly, we affirm the judgment of conviction for possession of a controlled substance.

Judge GRATTON and Judge HUSKEY **CONCUR**.

4