**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46109**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: February 27, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CALEB MICHAEL LEONARD, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Caleb Michael Leonard appeals from his judgment of conviction for possession of a controlled substance. Leonard argues the district court erred in denying his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer stopped the vehicle Leonard was driving after visually estimating that the vehicle was speeding and observing the vehicle cross the fog line twice. The officer obtained identification from both Leonard and his passenger. While waiting for the passenger (the vehicle's owner) to provide valid proof of insurance, the officer notified Leonard that he was being stopped for crossing the fog line, but the officer did not mention the speeding violation.

1

Before receiving proof the vehicle was insured, the officer smelled the odor of marijuana coming from the vehicle. During a subsequent search of the vehicle, the officer found drug paraphernalia and two baggies of white powder that tested presumptively positive for cocaine.

The State charged Leonard with possession of a controlled substance with intent to deliver. Leonard moved to suppress the evidence discovered in the vehicle, arguing the officer lacked reasonable suspicion to conduct a traffic stop and, even if there was reasonable suspicion, the officer unlawfully extended the stop. The district court denied Leonard's motion to suppress.

Pursuant to a plea agreement Leonard pled guilty to an amended charge of possession of a controlled substance. I.C. § 37-2732(c)(1). Leonard appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mindful that the officer had reasonable suspicion to stop him for speeding and that the officer smelled marijuana before receiving proof the vehicle was insured, Leonard argues the district court erred in denying his motion to suppress. Specifically, Leonard contends that, although the officer had reasonable suspicion to conduct a traffic stop for speeding, the officer "abandoned that basis to pursue the fog line issue only," and therefore unlawfully prolonged the stop. The State asserts that the district court correctly concluded that no unlawful extension of the stop occurred. We hold that the district court correctly denied Leonard's motion to suppress because the officer did not unlawfully extend the traffic stop, which was based on reasonable suspicion.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. An officer's authority to seize an individual as part of a traffic stop ends when the tasks related to the infraction are, or reasonably should have been, completed. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015); *see also Illinois v. Caballes*, 543 U.S. 405, 407 (2005) (holding that "a seizure that is justified solely by the interest in issuing a warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission"). In addition to determining whether to issue a traffic ticket, an officer's mission during a traffic stop includes making ordinary inquiries incident to the stop, including checking the driver's license, determining whether the driver has any outstanding warrants, and inspecting the vehicle's registration and proof of insurance. *Rodriguez*, 575 U.S. at 355. These inquiries are related to roadway safety and are thus part of a traffic stop's mission. *Id.* However, officers cannot abandon the traffic mission to investigate crimes unrelated to roadway safety without reasonable suspicion. *State v. Linze*, 161 Idaho 605, 609, 389 P.3d 150, 154 (2016).

The district court concluded that the officer lawfully stopped Leonard for suspected traffic violations and detected the odor of marijuana coming from the vehicle, which gave rise to probable cause for a search. Leonard contends there was only one legal basis for the stop--investigation of a speeding violation--a basis the officer abandoned by informing Leonard that he had been stopped for crossing the fog line without mentioning the possible speeding violation.[1] Consequently, according to Leonard, his continued detention after receiving notification of the stop's purpose and the officer's detection of the marijuana odor were both unlawful. We disagree. When an officer informs a suspect of one justification for a stop, the officer does not abandon other valid justifications by implication. *See State v. Spies*, 157 Idaho 269, 272, 335 P.3d 609, 612 (Ct. App. 2014). An officer's subjective intentions or rationales do not determine a seizure's reasonableness. *Id.* The critical question in determining whether an

---

[1] Citing *State v. Fuller*, 163 Idaho 585, 588-90, 416 P.3d 957, 960-62 (2018), Leonard contends that observing him cross the fog line twice did not give the officer reasonable suspicion of a traffic violation.

officer has abandoned the purpose of a traffic stop is not the stop's stated justification, but whether the officer's investigative conduct serves the traffic stop's mission. *See id.*

The district court's factual findings show that the officer did not deviate from the mission of a traffic stop before detecting the odor of marijuana. The district court found that, after stopping Leonard, the officer requested Leonard's driver's license and the vehicle's registration and proof of insurance. Officers may demand and inspect a vehicle's registration and proof of insurance during any lawful traffic stop. *See Prouse*, 440 U.S. at 659; *State v. Godwin*, 121 Idaho 491, 494-95, 826 P.2d 452, 455-56 (1992). The district court further found that, while waiting for proof of insurance, the officer detected the odor of marijuana coming from the vehicle. Because the officer did not deviate from a traffic investigation before detecting the odor of marijuana, no unlawful extension of the stop occurred in this case. Consequently, Leonard has failed to show the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded that there was no unlawful extension of the traffic stop. Thus, Leonard has failed to show that the district court erred in denying his motion to suppress. Accordingly, Leonard's judgment of conviction for possession of a controlled substance is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.