# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46680

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 30, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DESIREE ELAINE KARST, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Desiree Elaine Karst appeals from the district court's order denying in part and granting in part her motion to suppress evidence obtained from a traffic stop. Karst argues that the officer deviated from the purpose of the stop when he requested a drug dog. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Karst was a passenger in a truck stopped for traffic infractions. The officer noticed that Karst was not wearing a seatbelt. After obtaining information from the driver and Karst, the officer returned to the patrol car. The officer used the radio to request a drug dog. This activity took nineteen seconds. Thereafter, the officer began the process of writing citations to the driver for a suspended license and no insurance and to Karst for no seatbelt. While the officer was writing the citations, the drug dog alerted on the truck. The officers searched the truck and found

1

contraband both inside the truck and on Karst. The State charged Karst with possession of methamphetamine, introduction of contraband into a jail, possession of marijuana, and possession of paraphernalia.

Karst filed a motion to suppress the evidence, raising several arguments. Among those arguments, Karst asserted that the officer unlawfully extended the stop by calling for the drug dog. The district court granted the motion as to the seizure of a baggie found in Karst's pocket but otherwise denied the motion. Pursuant to a plea agreement, Karst pled guilty to possession of methamphetamine, possession of marijuana, and possession of paraphernalia, reserving her right to appeal the partial denial of her motion to suppress. Karst timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Karst claims that the district court erred by failing to find that the officer unlawfully extended the stop by calling for the drug dog. Karst acknowledges that this Court's recent decision in *State v. Still*, 166 Idaho 351, 458 P.3d 220 (Ct. App. 2019), is determinative of the issue she raises. However, Karst argues that *Still* is manifestly wrong and should be overturned. We decline to do so.

The salient facts in *Still* are nearly identical to this case. In *Still*, after obtaining information from Still following a traffic stop, the officer returned to the patrol car and used the radio to call for a drug dog. This activity took ten seconds. The officer then began the process of writing a citation and a warning. While doing so, the drug dog alerted on Still's vehicle. A subsequent search of the vehicle yielded contraband. *Still*, 166 Idaho at 353, 458 P.3d at 222.

2

Still argued that pursuant to *Rodriguez v. United States*, 575 U.S. 348 (2015) and *State v. Linze*, 161 Idaho 605, 389 P.3d 150 (2016), the traffic stop was unlawfully prolonged when the officer first took ten seconds to call for the drug dog before beginning the process of writing the citation.

In *Still*, we first reviewed the facts and holdings in *Rodriguez* and *Linze*, and summarized them as follows:

> The Court's concern in *Rodriguez*, which was echoed in *Linze*, was with officers prolonging an individual's detention in order to engage in on-scene investigations, or to take safety precautions in order to facilitate such investigations, that are unsupported by reasonable suspicion. Based on that concern, the Court explained that certain inquiries, or investigations, are permitted because they are related to roadway safety and are thus a part of the traffic mission. However, a drug dog sniff may constitute an abandonment of the traffic mission because it is aimed at investigating evidence of ordinary criminal wrongdoing. Therefore, based on the context and the language of *Rodriguez* and *Linze*, an abandonment occurs when officers deviate from the purpose of the traffic mission in order to investigate, or engage in safety measures aimed at investigating crimes unrelated to roadway safety for which the officers lack reasonable suspicion.

*Still*, 166 Idaho at 355-56, 458 P.3d at 224-25. This Court then determined that the call for the drug dog did not constitute an abandonment or otherwise run afoul of *Rodriguez* and *Linze*:

> We conclude that a radio call to inquire if a drug dog is available does not constitute a *Rodriguez* abandonment. For that reason, this case is distinguishable from *Rodriguez* and *Linze*.
>
> Officer Clark did not abandon the purpose of the traffic stop to engage in a separate criminal investigation. Unlike Officer Clark's radio call, abandonment occurred in *Rodriguez* and *Linze* when officers converted the traffic stops into drug investigations by engaging in drug-dog sniffs unsupported by reasonable suspicion. Unlike the defendants in *Rodriguez* and *Linze* who challenged the officers' conduct in relation to the drug-dog sniff, Still challenges the radio call to the drug-dog officer. However, *Rodriguez* does not prohibit all conduct that in any way slows the officer from completing the stop as fast as humanly possible. It prohibits abandoning the stop to investigate other crimes. The *Rodriguez* Court took issue with the investigation (i.e. the drug-dog sniff) itself. *See Rodriguez*, 575 U.S. 348. Here, Officer Clark was not conducting a drug-dog sniff, taking safety measures aimed at conducting a drug-dog sniff, or engaging in any other alternate investigation. At most, a radio call to inquire if a drug-dog unit is available is a precursor to an alternate investigation. Although the call may (or may not) result in an alternate investigation which may or may not pass constitutional muster, the call itself does not amount to a Fourth Amendment violation.
>
> We cannot conclude that any pause during a traffic stop requires a conclusion under *Rodriguez* and *Linze* that the officers abandoned the purpose of the traffic stop. In fact, such a conclusion is inimical to the Fourth Amendment's

3

reasonableness requirement and is contrary to United States Supreme Court precedent. Our conclusion, that no Fourth Amendment violation occurred, comports with *Rodriguez*, *Linze*, and this Court's previous precedent, and gives meaning to the Fourth Amendment's reasonableness requirement. Accordingly, the district court did not err in denying Still's motion to suppress.

*Still*, 166 Idaho at 356-57, 458 P.3d at 225-26.

As noted, Karst contends that *Still* conflicts with the holdings in *Rodriguez* and *Linze* and, consequently, is manifestly wrong and should be overruled. "Stare decisis requires that this Court follows controlling precedent unless that precedent is manifestly wrong, has proven over time to be unjust or unwise, or overruling that precedent is necessary to vindicate plain, obvious principles of law and remedy continued injustice." *State v. Owens*, 158 Idaho 1, 4-5, 343 P.3d 30, 33-4 (2015). Karst asserts a number of ways in which she contends that *Still* is manifestly wrongly decided vis-à-vis the principles, holding, and policies embodied in *Rodriguez* and *Linze*. However, this Court, in deciding *Still*, considered all of the issues and arguments now advanced by Karst and determined that, with due regard for *Rodriguez* and *Linze*, the call for the drug dog did not offend the Fourth Amendment. Therefore, we decline to overrule *Still*. As the holding in *Still* is determinative of the issue raised by Karst on appeal, we hold that the district court did not err in failing to find that the call was unlawful or in partially denying Karst's motion to suppress.

## IV.
## CONCLUSION

Karst has not shown that the district court erred in partially denying her motion to suppress. Therefore, Karst's judgment of conviction is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.