# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48676

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

ADAM TYSON BURRINGTON,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 15, 2022

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Adam Tyson Burrington appeals from his judgment of conviction for possession of a controlled substance. Burrington argues the district court erred in denying his motion to suppress because the officer's order for Burrington to exit his vehicle was an unreasonable intrusion that violated Burrington's Fourth Amendment rights. Because officers are permitted to order drivers to exit vehicles during lawful traffic stops, the district court did not err in denying Burrington's motion to suppress. Accordingly, the judgment of conviction is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While on patrol, Sergeant Reneau stopped a car driven by Burrington for expired registration. After speaking with Burrington, Sergeant Reneau returned to his patrol vehicle and began preparing a citation. While Sergeant Reneau was preparing the citation, Officer Boardman

1

and canine handler Officer Knisley arrived at the scene. Officer Boardman informed Officer Knisley that Burrington's driver's side window was broken out and Officer Knisley asked Officer Boardman to remove Burrington from the car in order to conduct an exterior sniff of the car.

Officer Knisley was concerned for Burrington's safety because, in addition to being trained as a drug dog, her dog was also trained to bite individuals if presented with aggression; and, on one occasion, the dog had bitten the arm of a driver of a car when the driver was waving her arm around. Officer Boardman removed Burrington from the car; meanwhile, Officer Knisley and her drug dog approached the car and the dog alerted at the passenger door of the car. Based on the alert, Officer Boardman searched the car and Burrington's person and found drugs and drug paraphernalia.

The State charged Burrington with possession of a controlled substance. Burrington moved to suppress the evidence obtained as a result of the traffic stop arguing, in part, that it was unlawful to ask Burrington to exit his car because doing so required him to cooperate in the dog sniff and that the stop was unlawfully extended. In response, the State argued it was not unlawful for Officer Boardman to ask Burrington to exit the car and, even if the exit order was unlawful, suppression was not the appropriate remedy because asking Burrington to exit the car had no nexus to the discovery of the evidence.

The district court held a hearing on the motion and found that Sergeant Reneau did not engage in any conduct that extended the traffic stop for the purpose of effectuating the dog sniff. The district court also found that Officer Boardman's removal of Burrington from the car was reasonable. Ultimately, the district court found the traffic stop was not unlawfully extended and, accordingly, the district court denied Burrington's motion to suppress.

Burrington entered a conditional guilty plea to possession of a controlled substance, reserving the right to appeal the denial of his motion to suppress. The district court imposed a unified term of incarceration of four years, with two years determinate, suspended the sentence, and placed Burrington on probation for two years. Burrington timely appealed.

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts

2

as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Burrington argues the district court erred in denying his motion to suppress because he was subject to an additional intrusion in violation of his Fourth Amendment rights when Officer Boardman asked Burrington to exit the car for reasons other than officer safety. According to Burrington, this additional intrusion was unreasonable because it was not based on officer safety concerns but instead was based on law enforcement's interest in using a drug dog. The State asserts Officer Boardman's actions were lawful because ordering Burrington to exit the car did not extend the length of the lawful traffic stop. Alternatively, the State argues that even if asking Burrington to exit the car was unlawful, it was not a but-for cause of the recovery of the evidence so suppression is unwarranted.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).

A drug-dog sniff conducted during a lawful traffic stop does not violate the Fourth Amendment, *Illinois v. Caballes*, 543 U.S. 405, 409-10 (2005), so long as the sniff does not prolong the traffic stop longer than "the time needed to handle the matter for which the stop was made." *Rodriguez v. United States*, 575 U.S. 348, 350 (2015). "This rule is both broad and inflexible. It applies to all extensions of traffic stops including those that could reasonably be considered *de minimis*." *State v. Linze*, 161 Idaho 605, 608, 389 P.3d 150, 153 (2016). The critical question is not whether the dog sniff occurs before or after the officer issues a citation but whether conducting the sniff prolongs, i.e., adds time, to the traffic stop. *Rodriguez*, 575 U.S. at 357; *see also State v. Pylican*, 167 Idaho 745, 755, 477 P.3d 180, 190 (2020) (noting "neither *Rodriguez* nor *Linze* apply to dog sniffs that do not extend the duration of the stop").

3

The United States Supreme Court has held that ordering passengers to exit a vehicle during a lawful traffic stop does not violate the Fourth Amendment because officer safety outweighs the *de minimus* intrusion of requiring a driver, already lawfully stopped, to exit the vehicle. *Rodriguez*, 575 U.S. at 356; *Pennsylvania v. Mimms*, 434 U.S. 106, 111 n.6 (1977). The Idaho Supreme Court applied the *Mimms* holding in *Pylican* where an officer ordered the driver and her passenger to exit their car prior to conducting a dog sniff. *Pylican*, 167 Idaho at 749, 477 P.3d at 184. The Court held that because Pylican's vehicle had been lawfully stopped for a traffic violation, the officers could order Pylican and her passenger to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures. *Id.* at 753, 477 P.3d at 188. The Court ultimately held that the officer did not impermissibly extend the stop by ordering Pylican to exit the car. *Id.* at 753-54, 477 P.3d at 188-89. Also relevant to the Court's analysis was the United States Supreme Court's holding in *Rodriguez* that an officer may conduct certain unrelated checks during an otherwise lawful traffic stop but, absent reasonable suspicion, may not do so in a way that prolongs the stop. *Pylican*, 167 Idaho at 753-54, 477 P.3d at 188-89. The Idaho Supreme Court clarified that "*Rodriguez* does not bar officers from ordering occupants of a lawfully stopped vehicle to exit in order to investigate possible crimes unrelated to a valid traffic stop." *Pylican*, 167 Idaho at 754, 477 P.3d at 189.

Mindful of the Court's statement in *Pylican* that *Rodriguez* does not prohibit officers from ordering occupants to exit a car during a lawful stop, Burrington asserts that under *Rodriguez*, a permissible exit order as contemplated by *Mimms* is an order that "stems from the mission of the stop itself" and one that is given by the officer "to complete his mission safely." Burrington argues that here, unlike in *Mimms*, the exit order was not a safety measure undertaken in relation to the lawful purpose of the traffic stop and was therefore unlawful. We disagree. Officer Boardman's request that Burrington exit the car was constitutionally permissible and did not prolong the otherwise legally valid stop. Accordingly, the district court did not err in denying Burrington's motion to suppress.

Because we hold Burrington's Fourth Amendment rights against unreasonable searches and seizures were not violated, we need not address the State's argument that asking Burrington to exit the car was not causally related to the discovery of the evidence. The district court did not err in denying Burrington's motion to suppress.

**IV.**

**CONCLUSION**

The district court did not err in denying Burrington's motion to suppress because Officer Boardman's exit order did not violate Burrington's Fourth Amendment rights. Burrington's judgment of conviction is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.