**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50077**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      **Plaintiff-Respondent,**<br><br>v.<br><br>**MERNA JEAN TRANMER,**<br><br>      **Defendant-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Opinion Filed: June 12, 2024**<br><br>  **Melanie Gagnepain, Clerk** |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Order denying motion to suppress and judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Merna Jean Tranmer appeals from her judgment of conviction for possession of a controlled substance. Tranmer argues the district court erred in denying her motion to suppress evidence obtained during an unlawful seizure, thus, violating her constitutional rights provided by the Fourth Amendment to the United States Constitution. The detective did not unlawfully extend the duration of the stop or deviate from the purpose of it. The order denying Tranmer's motion to suppress and her judgment of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After citizen complaints, Detective Moss and Sergeant Murphy conducted surveillance of a trailer where there was suspected drug activity. During the surveillance, Detective Moss observed a silver vehicle pull up to the trailer and an individual get out of the driver's side of the vehicle and approach the trailer. Detective Moss contacted dispatch and was advised that the silver

1

vehicle was registered in Tranmer's name. Detective Moss requested, and was provided, a photograph of Tranmer and he confirmed that she was the person he saw get out of the silver vehicle. When Detective Moss saw Tranmer leave the trailer, he contacted Sergeant Murphy to watch for the vehicle. Sergeant Murphy saw the vehicle and began to follow it; he notified Detective Moss of the direction of travel. Sergeant Murphy also notified Sergeant Fierro that he and his drug dog might be needed. Detective Moss left his surveillance position, caught up with Tranmer, and followed her vehicle.

Detective Moss witnessed Tranmer commit several traffic violations: drifting into a turn lane; pulling back to the right causing another vehicle to brake; and failing to properly signal before making a left turn. Based on these traffic violations, Detective Moss initiated a traffic stop and communicated the location of the stop to Sergeant Murphy. Detective Moss testified that when he contacted Tranmer, she was nervous and distraught because she claimed a truck almost hit her. Detective Moss asked Tranmer if she would like medical assistance, which she declined. Detective Moss observed that Tranmer was not wearing a seatbelt and her purse was sitting on the passenger's seat. Detective Moss informed Tranmer that he stopped her vehicle for traffic infractions, and he asked for her driver's license, vehicle registration, and proof of insurance. Tranmer informed Detective Moss she had recently licensed the vehicle. Detective Moss testified that whenever a registration is issued within the past six months, he will always "run the vehicle through registration and ask dispatch to run it by [vehicle identification number] as well and check for wants." Detective Moss also testified that he asked dispatch to verify Tranmer's insurance because the insurance card provided by Tranmer did not have any vehicle information. Dispatch informed Detective Moss that the insurance was "unknown." Detective Moss decided he was going to issue Tranmer a citation for no insurance and failure to timely signal but would not issue Tranmer a separate citation for a seatbelt violation because he could not verify that she was not wearing her seatbelt while driving as opposed to taking it off once she was stopped.

While en route to the scene, Sergeant Murphy contacted Sergeant Fierro and asked him to come to the location of the stop with his drug dog. Sergeant Murphy arrived at the scene while Detective Moss was asking Tranmer if she required medical assistance. Sergeant Murphy positioned himself on the passenger side of Tranmer's vehicle.

Sergeant Fierro arrived on the scene while Detective Moss was running Tranmer's documents through dispatch and trying to determine if the vehicle was insured. As Sergeant Fierro

2

approached Tranmer's vehicle, Detective Moss was sitting in his vehicle deciding whether to issue a citation for the seatbelt and was preparing to issue the other citations. Sergeant Fierro did not speak to Detective Moss before the drug dog sniff. Sergeant Fierro took his drug dog around Tranmer's vehicle for a free air sniff. The drug dog indicated on the passenger side of Tranmer's vehicle. While Detective Moss was still in his vehicle contemplating which citations to issue to Tranmer, Sergeant Fierro told Detective Moss that the drug dog indicated on Tranmer's vehicle. Detective Moss exited his vehicle, provided Tranmer with *Miranda*[1] warnings, and asked her to step out of the vehicle. The officers searched her vehicle, found a purse, and located a controlled substance and drug paraphernalia inside the purse.

Tranmer was charged with felony possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1)(A), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A. Tranmer filed a motion to suppress the evidence, arguing: (1) the officer stopped her vehicle without reasonable and articulable suspicion; and (2) she and/or her vehicle were searched without sufficient probable cause. A hearing was held where Detective Moss, Sergeant Murphy, and Sergeant Fierro testified for the State and Tranmer testified in her defense. Following the hearing on the motion to suppress, the district court took the matter under advisement and gave the parties the opportunity to submit additional briefing.

Tranmer filed additional briefing, arguing she was subject to an unlawful investigatory detention that exceeded the stated purpose for the stop of her vehicle and the search of her purse was not justified under the automobile exception to the warrant requirement. On the unlawful detention issue, Tranmer argued "[i]t is undisputed that [Detective Moss] added unnecessary time to his detention of [Tranmer] by repeating the exact license and registration check he had dispatch do for him earlier that day when he saw [Tranmer] at the trailer he was surveilling." The State filed a response to Tranmer's brief, arguing, in relevant part, that the traffic stop of Tranmer's vehicle was justified and reasonable, and the traffic stop was not prolonged or delayed in any way beyond the purposes of conducting a normal traffic stop. On the issue of whether the police added time to the stop, the State argued that "Detective Moss did not prolong the stop by doing the exact same license and registration check he did earlier because he in fact did not do the exact same license and registration check." The district court denied Tranmer's motion to suppress, holding

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Detective Moss did not deviate from the traffic stop or unlawfully prolong the stop when he called dispatch to verify Tranmer's driver's license, vehicle registration, and insurance.

Pursuant to a plea agreement, Tranmer entered a conditional guilty plea to an amended charge of felony possession of a controlled substance, I.C. § 37-2732(c)(1), reserving her right to appeal the denial of her motion to suppress, and the State dismissed the possession of paraphernalia charge. Tranmer appeals from her judgment of conviction, asserting the district court erred in denying her motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Tranmer argues the district court erred in denying her motion to suppress. Specifically, Tranmer contends that Detective Moss unlawfully extended the traffic stop when he ran her registration information through dispatch a second time after she was stopped for the traffic violations. The State argues that because Detective Moss was engaged in one of the ordinary inquiries permitted during a traffic stop, he did not unlawfully extend the stop or deviate from the purpose of it. Alternatively, the State argues Detective Moss's second inquiry into Tranmer's vehicle registration was justified as part of his inquiry into the validity of her proof of insurance.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven

4

contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). Authority for a traffic-related seizure ends when the tasks related to the infraction are, or reasonably should have been, completed. *Rodriguez v. United States*, 575 U.S. 348, 354 (2015); *State v. Linze*, 161 Idaho 605, 609, 389 P.3d 150, 154 (2016). Consequently, a traffic-related seizure violates the Fourth Amendment if prolonged beyond the time reasonably required to complete the "mission" of issuing a ticket. *Rodriguez*, 575 U.S. at 350-51; *State v. Karst*, 170 Idaho 219, 223, 509 P.3d 1148, 1152 (2022). In other words, "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." *Rodriguez*, 575 U.S. at 350; *see Karst*, 170 Idaho at 224, 509 P.3d at 1153; *Linze*, 161 Idaho at 608, 389 P.3d at 153.

On appeal, Tranmer acknowledges that an officer running a vehicle's registration information through dispatch following a traffic stop is permissible as an ordinary inquiry incident to a traffic stop as explained in *Rodriguez*. Tranmer contends, however, that because Detective Moss already obtained information about Tranmer's registration while conducting surveillance earlier in the day, the subsequent inquiry unlawfully prolonged the traffic stop and deviated from the purpose of it. Tranmer cites *State v. Hale*, 168 Idaho 863, 489 P.3d 450 (2021) as support for her argument that Detective Moss's further inquiry into Tranmer's registration was neither necessary nor reasonable under the Fourth Amendment. In *Hale*, the Idaho Supreme Court reiterated the holding of *Rodriguez*:

> Law enforcement's mission in conducting a traffic stop includes, but is not limited to, addressing the traffic violation that precipitated the stop and determining whether to issue a traffic ticket. An officer's mission also includes "ordinary inquiries incident to the traffic stop," such as "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance."

*Hale*, 168 Idaho at 867, 489 P.3d at 454 (citations omitted). Thereafter, the Court found that an officer did not unlawfully prolong a traffic stop or exceed its scope by investigating a discrepancy in the registration information provided to him. *Id.* at 869, 489 P.3d at 456. The Court found that "further investigation as to the accuracy of that information was reasonable and served the same purpose as checking a license and registration in the first place." *Id.*

Tranmer argues that, in her case, unlike in *Hale*, Detective Moss had no reason to believe the registration information provided to him by dispatch prior to the traffic stop was incomplete or inaccurate, so checking it a second time was not an ordinary inquiry incident to a traffic stop. The

5

State argues Detective Moss did not unlawfully prolong the traffic stop or deviate from the purpose of it because although he received information about Tranmer's vehicle registration prior to the stop, that information could have been incorrect.

In denying Tranmer's motion to suppress, regarding Detective Moss, the district court found:

> Detective Moss did not deviate from the original purpose of the traffic stop until probable cause to search for drugs was developed after the free air sniff. The presence of Sergeants Murphy and Fierro did not prevent or delay Detective Moss from the purposes of the traffic stop. Neither officer communicated with Detective Moss at the location of the traffic stop until the dog had indicated from the free air sniff. In addition, Detective Moss did not add time to the traffic stop when he sought to verify Defendant's driving documents, even if he had seen some of Defendant's driving documents previously during the surveillance operation. Therefore, Defendant's rights were not violated since Detective Moss did not deviate from the traffic stop, or add time to it, and the time taken to complete the traffic stop was reasonable.

Preliminarily, we do not agree with Tranmer that Detective Moss performed the same registration check twice. While conducting surveillance, Detective Moss obtained only information regarding to whom the car was registered. At the traffic stop, based on Tranmer's statement that she had only recently registered the vehicle, Detective Moss also checked the date of registration, including the VIN, to ensure there were no "wants" on the vehicle. Thus, contrary to Tranmer's assertion, there were not identical registration verification requests. Moreover, at the traffic stop, Detective Moss also checked Tranmer's driver's license and the insurance for the vehicle. While Tranmer is correct that Detective Moss spent some time calling dispatch to inquire about Tranmer's vehicle registration, that call also included information about Tranmer's license and insurance. As such, the call was properly related to the information provided by Tranmer and the purpose of the traffic stop, and requesting different and additional information regarding the registration did not add additional time to the stop.

While Tranmer argues Detective Moss had no reason to believe the information regarding her vehicle registration was inaccurate, Detective Moss did not re-check the registration only to determine whether there were any inaccuracies. He also checked the registration date. Detective Moss testified that based on his training and experience, dispatch could have provided the wrong information regarding to whom the car was registered. Regardless of the information he was provided during surveillance, when Detective Moss called dispatch to obtain information regarding Tranmer's registration, license, and insurance, he was performing standard duties related

6

to a traffic stop and did not add unnecessary time in completing that mission. As a result, substantial and competent evidence supports the district court's finding that Detective Moss did not add unnecessary time to the stop.

Next, Detective Moss did not deviate from the original purpose of the stop. In this case, after initiating a traffic stop, Detective Moss retrieved Tranmer's license, registration, and vehicle insurance and returned to his vehicle to verify the information in the documents. Again, Tranmer concedes on appeal that all of Detective Moss's actions would normally be considered "ordinary inquires" permitted during a stop under *Rodriguez*. Tranmer argues the unique circumstances of this case, where Detective Moss had already verified her information through dispatch, transformed his subsequent inquiry into a deviation of the purpose of the stop. Tranmer's argument is unpersuasive. Regardless of the information an officer is provided prior to a traffic stop, an officer properly performs his duties by verifying the information provided to him before issuing a citation. We see no reason why an officer conducting due diligence before issuing a citation during a traffic stop deviates from the purpose of that stop.

Next, we are not persuaded by Tranmer's argument that *Hale* indicates Detective Moss's further inquiry into Tranmer's registration was neither necessary nor reasonable under the Fourth Amendment. After calling dispatch, Detective Moss prepared Tranmer's citation and returned to Tranmer's vehicle to issue the citation and to speak to Tranmer about the possible seatbelt violation. Detective Moss did not call Sergeant Fierro to the scene or speak with Sergeant Fierro until after Sergeant Fierro informed Detective Moss that the drug dog had a positive indication on Tranmer's vehicle. Further, none of Detective Moss's inquiries or actions suggest he did not perform them "in a reasonable amount of time," as Tranmer suggests. Thus, the district court did not err in concluding that Detective Moss did not deviate from the purpose of the traffic stop. Finally, because we conclude that Detective Moss did not unlawfully prolong the traffic stop or deviate from the purpose of it, we need not address the State's alternative arguments.

**IV.**
**CONCLUSION**

7

Detective Moss did not deviate from the traffic stop or unlawfully prolong the stop in violation of Tranmer's Fourth Amendment rights. The district court's order denying Tranmer's motion to suppress and her judgment of conviction are affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.