**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51359**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>SYDNEE RAYHN WILSON,<br><br>　　　　Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

)　**Filed:  December 2, 2025**

)　**Melanie Gagnepain, Clerk**

)　**THIS IS AN UNPUBLISHED**
)　**OPINION AND SHALL NOT**
)　**BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Steven J. Hippler, District Judge.

Judgment of conviction for possession of fentanyl and possession of drug paraphernalia, <u>affirmed</u>; order denying motion to suppress, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Garth S. McCarty, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Sydnee Rayhn Wilson appeals from her judgment of conviction for possession of fentanyl and possession of drug paraphernalia.  Wilson claims the district court erred in denying her motion to suppress.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Officer Moss initiated a traffic stop after observing a vehicle with a suspended registration. Officer Moss discovered from a license plate check that the vehicle's registration was suspended for lack of insurance and that the registered owner's driver's license was also suspended.  The vehicle, driven by Ryan Morgan with Wilson as a passenger, did not immediately stop but continued for approximately three blocks before pulling over.  Upon contact, Morgan and Wilson explained that they borrowed the vehicle.  Officer Moss returned to his patrol car, called for a

1

drug-detection dog, checked Morgan's and Wilson's information through dispatch, confirmed details about a no-contact order involving Morgan, and began preparing a citation for Morgan's failure to carry a driver's license.

While Officer Moss performed these tasks, Officer Johnson arrived with his drug-detection dog, Rico. Upon deployment, Rico exhibited multiple behaviors indicating the presence of contraband before contacting the vehicle and giving a final alert. After the alert, officers searched the vehicle and discovered drugs, firearms, and ammunition.

The State charged Wilson with possession of a controlled substance (cocaine) with intent to deliver, Idaho Code § 37-2732(a); possession of a controlled substance (fentanyl), I.C. § 37-2732(a); and possession of drug paraphernalia, I.C.§ 37-2734A. Wilson moved to suppress the evidence, arguing that Officer Moss lacked reasonable suspicion to initiate the stop, unlawfully prolonged the detention, and conducted an unconstitutional search when Rico physically contacted the vehicle. The State opposed the motion, asserting that the stop was supported by reasonable suspicion, the detention was not unlawfully extended, Wilson lacked standing to challenge the search of the vehicle, and the search was supported by probable cause following Rico's alert.

The district court denied Wilson's motion to suppress, concluding that Officer Moss lawfully stopped the vehicle, and the duration of the stop was not unlawfully extended. The district court further found that Wilson lacked standing to challenge the search and, alternatively, that Rico's general alert provided probable cause to search the vehicle before he made physical contact. Wilson subsequently entered a conditional guilty plea to possession of fentanyl and possession of drug paraphernalia, reserving her right to appeal the denial of her motion to suppress. The State dismissed the remaining charge. Wilson appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*,

2

127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Wilson argues the district court erred by denying her motion to suppress. Specifically, Wilson asserts that Officer Moss unlawfully prolonged the traffic stop, the district court erred in finding Wilson lacked standing to challenge the search of the vehicle, and the search of the vehicle was unconstitutional because Rico touched the vehicle during the sniff.

### A.      Prolonging the Stop

Wilson claims that Officer Moss unlawfully prolonged the traffic stop by calling for a drug-detection dog, checking whether Wilson was the protected party in a no-contact order involving Morgan, and generally stalling to allow time for Rico to complete the sniff.

A traffic stop violates the Fourth Amendment to the United States Constitution when it extends beyond the time reasonably required to complete its mission. *State v. Karst*, 170 Idaho 219, 223, 509 P.3d 1148, 1152 (2022). Law enforcement is permitted to conduct a dog sniff during the course of a lawful traffic stop so long as it does not add time to the overall duration of the stop. *Id*. at 224, 509 P.3d at 1153. Although a drug dog sniff is not part of the mission of the stop, such a sniff is constitutionally permissible if executed in a reasonable manner that does not infringe on a constitutionally protected privacy interest, *Illinois v. Caballes*, 543 U.S. 405, 409-10 (2005), and does not prolong the stop, *State v. Riley*, 170 Idaho 572, 578, 514 P.3d 982, 988 (2022). The critical question in determining whether a drug dog sniff unconstitutionally extended a traffic stop is whether the sniff "prolonged or added time to the overall duration of the traffic stop." *Id*. (internal quotation marks omitted). "[A] dog sniff does not prolong the stop where one officer pursues the original objective of the stop while another officer conducts the dog sniff." *Id*. at 579, 514 P.3d at 989. If, however, an officer without independent reasonable suspicion deviates or detours from the mission of the stop to conduct a drug dog sniff, the stop may be unconstitutionally delayed. *Id*.

The Idaho Supreme Court has held that the critical question is whether the drug dog sniff "adds time" to the traffic stop. *State v. Linze*, 161 Idaho 605, 609, 389 P.3d 150, 154 (2016). In *Riley*, the Court analyzed whether conversations lasting twenty-eight seconds between officers related to the drug dog sniff constituted deviations from the traffic stop prior to the drug dog

alert. *Riley*, 170 Idaho at 579, 514 P.3d at 989. The Court held that there was no additional delay because the drug dog alerted forty-eight seconds before the officer completed the traffic citation. *Id*. Therefore, the twenty-eight seconds of deviations did not actually lengthen the stop because, even without the deviations, the drug dog would still have alerted twenty seconds before the completion of the citation. Once the drug dog alerts, there is reasonable suspicion to extend the stop. *Id*.

The district court found that, after taking the registration from Morgan, Officer Moss returned to his patrol car and "[a]s he got settled in the patrol car and retrieved his clipboard and pen to prepare a citation, Officer Moss took a second or two to radio for a canine unit." The district court further found that Officer Moss's request for the canine unit occurred "virtually contemporaneously" with his initiation of the citation process and, at most, caused a "deviation of a second or two." While the second or two Officer Moss took to radio for a canine unit before beginning to run the records check is an extension of the stop, the question is whether that extension, and any others, added time to the stop. Wilson contends that the time Officer Moss took to investigate the civil protection order was neither a normal incident of the stop nor for safety reasons and, consequently, also added time to the stop.

The mission of a traffic stop has two pillars: (1) to address the traffic violation that warranted the stop; and (2) to attend to related safety concerns. *State v. Wharton*, 170 Idaho 329, 332, 510 P.3d 682, 685 (2022). Because traffic stops pose inherent dangers, officers may take "negligibly burdensome precautions in order to complete [the] mission safely," such as asking the driver and passenger to exit the vehicle and conducting a criminal records check. *State v. Hale*, 168 Idaho 863, 867, 489 P.3d 450, 454 (2021).

After returning to his patrol car, Officer Moss began running the usual information checks incident to the completion of a citation. The district court detailed, from the evidence, the various records checks completed by Officer Moss. In the process, Officer Moss discovered the driver, Morgan, was subject to a protection order involving a woman. The district court found that Officer Moss credibly testified that safety concerns prompted him to conduct a thorough check of Morgan's criminal record and determine whether Wilson was the protected party under the no-contact order.

Wilson argues that the scope of permissible officer safety measures envisioned in *Rodriguez v. United States*, 575 U.S. 348 (2015), is limited to criminal records and outstanding

4

warrant checks of the detained person, but not on-scene investigation into other crimes and safety precautions taken in order to facilitate such investigation. Constitutionally reasonable inquiries "include, *but are not limited to*," checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance. *Wharton*, 170 Idaho at 332, 510 P.3d at 685 (emphasis added). Safety precautions also include ordering occupants to exit the stopped vehicle and warrant checks on passengers. *Id*. at 335, 510 P.3d at 688. Wilson argues that Officer Moss's research into the protection order had nothing to do with the traffic infraction or with officer safety, and therefore the check on the protection order was merely an investigation into a crime unjustified by reasonable suspicion. Wilson's attempt to limit safety concerns to officer safety is not supported by *Rodriguez*. Although an officer may certainly take reasonable steps to assure his own safety during a traffic stop, the Constitution "allows negligibly burdensome safety precautions . . . so that an officer may carry out the traffic mission without unnecessary risks to *all persons involved*." *Wharton*, 170 Idaho at 334, 510 P.3d at 687 (emphasis added). A records check of a protection order between occupants of vehicle is negligibly burdensome compared to the safety concern for the "persons involved." The district court correctly held that determining whether Wilson was the protected party under the protection order was not a deviation from the mission of the traffic stop. This minimal inquiry fell squarely within the officer's duty to attend to safety concerns. *Id.* Wilson's claim that the check was unrelated to the stop and amounted to an investigation of an unrelated crime misstates the governing standard. While it is true that checking the protection order could have shown a separate crime of violating a protection order, it is also true that ordinary checks of driver's licenses, vehicle registrations, and insurance documentation could reveal additional criminal activity. The mere fact an officer's actions might result in the discovery of evidence does not, on its own, remove those actions from the legitimate scope of a traffic stop.

Finally, Wilson argues that Officer Moss intentionally delayed writing the citation and, therefore, unlawfully extended the stop. Wilson contends that the communications between the officers and the time Officer Moss took demonstrate that his actions were a stalling tactic in order to facilitate the dog sniff. Wilson states that, "Although the district court's determination of credibility is not challengeable, the court was presented ample evidence to support Ms. Wilson's argument that the officers purposefully used stalling tactics to prolong the stop." Wilson's argument is not supported by the record. The district court reviewed Officer Moss's actions and

the time elapsed. The district court held that, up to the point during the stop at which Rico alerted, "Officer Moss credibly testified that at no time did he pause what he was doing or otherwise delay the citation-issuing process. His [on-body video] footage together with his testimony describing his actions during this period supports his testimony." As Wilson acknowledges, this Court defers to the credibility findings of the district court. *State v. Bell*, 172 Idaho 451, 456, 533 P.3d 1247, 1252 (2023).

Officer Moss's check of the protection order records was not a deviation from the stop. It was well-within the district court's purview to conclude that Officer Moss did not purposely delay completion of the stop, and the evidence supports that conclusion. The district court did not err in holding that the mission of the traffic stop was not unconstitutionally prolonged.

**B.      Probable Cause to Search the Vehicle**

Wilson claims the district court erred in finding that officers had probable cause to search the vehicle under the automobile exception. Even assuming Wilson had standing, Wilson fails to demonstrate error. Wilson's arguments are indistinguishable from those made by Morgan in his companion case. This Court rejected those arguments and held that the probable cause to search was established through the dog sniff. *State v. Morgan*, 175 Idaho 334, 565 P.3d 275 (Ct. App. 2025). For the same reasons, we affirm the district court's finding that probable cause existed to search the vehicle in this case.

## IV.

## CONCLUSION

Substantial evidence supports the district court's conclusions that the traffic stop was not unlawfully prolonged and there was probable cause to search the vehicle. Accordingly, the district court's order denying Wilson's motion to suppress and her judgment of conviction are affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.

6