**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51709**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 3, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DANIELLE RENNAE OWEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Order denying motion to suppress, <u>affirmed</u>; judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Danielle Rennae Owen appeals from the district court's decision denying her motion to suppress. Owen argues the district court erred when it determined that the officer who stopped the vehicle in which she was a passenger deviated from the mission of the stop to permit a drug dog sniff of the vehicle. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Owen was a passenger in a vehicle stopped by Officer Anderson for suspended registration. While Officer Anderson was waiting on the results of a records check and preparing a citation, another officer conducted a drug dog sniff of the exterior of the vehicle which resulted in an alert. The officers searched the vehicle and found drug paraphernalia. Owen was arrested for possession of drug paraphernalia and a search incident to arrest revealed methamphetamine and additional

1

drug paraphernalia. The State charged Owen with one count of possession of methamphetamine, Idaho Code § 37-2732(c), and one count of possession of drug paraphernalia, I.C. § 37-2734A.

Owen filed a motion to suppress, arguing the stop was unlawfully extended by Officer Anderson because he stopped writing the citation to talk to other officers while he was seated in his patrol vehicle. The State responded, arguing that the traffic stop was not unlawfully extended because Officer Anderson continually engaged in pursuing the mission of the stop. Alternatively, the State argued that, even if Officer Anderson delayed by engaging in conversations with other officers, any such actions did not unlawfully extend the overall length of the stop. The district court held a hearing at which the State acknowledged there were two potential deviations by Officer Anderson, totaling approximately twenty-four seconds. The court denied the motion, finding that the drug dog alerted before the driver's insurance information had been established. In addition, the court found that even subtracting the twenty-four seconds of deviation, the drug dog alerted before the mission of the stop had been completed. Thereafter, a jury found Owen guilty on both counts. Owen appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Owen challenges the district court's order denying her motion to suppress, arguing that Officer Anderson unlawfully extended the traffic stop by delaying the writing of a traffic citation and detouring from the mission of the stop to permit a drug dog to conduct a sniff. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth

2

Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The tolerable duration of an officer's inquiries during a traffic stop is measured in reference to the mission of the stop. *State v. Riley*, 170 Idaho 572, 578, 514 P.3d 982, 988 (2022). That mission includes, without limitation, addressing the traffic violation; determining whether to issue a traffic citation; and making ordinary inquiries incident to the stop, such as checking the driver's license and proof of insurance. *Id*. The officer's authority for the seizure ends when the officer has completed or reasonably should have completed the tasks related to the mission of the stop. *Illinois v. Caballes*, 543 U.S. 405, 407 (2005).

Although a drug dog sniff is not part of the mission of the stop, such a sniff is constitutionally permissible if executed in a reasonable manner that does not infringe on a constitutionally protected privacy interest, *Caballes*, 543 U.S. at 409-10, and does not prolong the stop, *Riley*, 170 Idaho at 578, 514 P.3d at 988. The critical question in determining whether a drug dog sniff unconstitutionally extended a traffic stop is whether the sniff "prolonged or added time to the overall duration of the traffic stop." *Id*. (internal quotation marks omitted). "[A] dog sniff does not prolong the stop where one officer pursues the original objective of the stop while another officer conducts the dog sniff." *Riley*, 170 Idaho at 579, 514 P.3d at 989. If, however, an officer without independent reasonable suspicion deviates or detours from the mission of the stop to conduct a drug dog sniff, the stop may be unconstitutionally delayed. *Id*.

The Idaho Supreme Court has held that the critical question is whether the drug dog sniff "adds time" to the traffic stop. *State v. Linze*, 161 Idaho 605, 609, 389 P.3d 150, 154 (2016). In *Riley*, the Court analyzed whether conversations lasting twenty-eight seconds between officers related to the drug dog sniff constituted deviations from the traffic stop prior to the drug dog alert. *Riley*, 170 Idaho at 579, 514 P.3d at 989. The Court held that there was no additional delay because the drug dog alerted forty-eight seconds before the officer completed the traffic citation. *Id*. Therefore, the twenty-eight seconds of deviations did not actually lengthen the stop because, even without the deviations, the drug dog would still have alerted twenty seconds before the completion of the citation. Once the drug dog alerts, there is reasonable suspicion to extend the stop. *Id*.

3

Owen argues that, "mindful" of *Riley*, Officer Anderson's deviations from the mission of the stop violated her Fourth Amendment rights. As an initial matter, Owen makes no attempt to distinguish *Riley* or challenge the district court's reasoning. Without a challenge to the district court's reasons for denying the motion, we will uphold the decision. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Nonetheless, the district court did not err in finding the stop was not unlawfully extended. While the court did not specifically find that Officer Anderson's conversations with other officers constituted deviations, the court recognized that there may have been slight deviations from the mission of the stop. Citing to *Riley*, the court held that, even subtracting the twenty-four seconds, the dog alerted before the mission of the stop had been completed. Owen does not argue that the court erred in its factual determination that the twenty-four seconds did not extend the overall length of completing the mission of the stop. The court's findings are supported by substantial and competent evidence in the record. Therefore, Owen fails to show that the district court erred in denying her motion to suppress.

## IV.
## CONCLUSION

The district court did not err in denying Owen's motion to suppress. Therefore, the order of the district court denying the motion to suppress and Owen's judgment of conviction are affirmed.

Judge LORELLO and Judge TRIBE **CONCUR**.

4